UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60301-Civ-COOKE/BANDSTRA

JANE DOE,

     Plaintiffs,
vs.

MICHAEL IRVIN

     Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before me on Defendant Michael Irvin's Motion to Dismiss [ECF No. 17]. I have reviewed the complaint, the arguments and the relevant legal authorities. For the reasons explained below, I am **DENYING** the Defendant's Motion to Dismiss.

### I. BACKGROUND

On April 27, 2010, Plaintiff, Jane Doe[1] filed a one count Amended Complaint [ECF No. 14] for sexual battery against Defendant Michael Irvin ("Irvin"). The Amended Complaint alleges that on or about July 4, 2010, Irvin lured Jane Doe "to his hotel room wherein he proceeded to sexually assault and batter" Jane Doe against her will and consent, causing Jane Doe to sustain physical and emotional injuries. [ECF No. 14 at ¶ 8]. Irvin now moves to dismiss the Amended Complaint under Fed. R. Civ.P. 12(b)(6) on the grounds that Jane Doe has failed to allege the requisite elements for battery [ECF No. 17].

### II. LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the

---

[1] The Plaintiff is proceeding under a pseudonym to protect her identity.

complaint are viewed in the light most favorable to the plaintiff.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citation omitted). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those allegations is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 55-556.  To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).  Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

### III. ANALYSIS

Irvin argues that the Amended Complaint should be dismissed because Jane Doe has failed to state sufficient facts to support a claim for battery.  Specifically, Irvin argues that the Amended Complaint fails to demonstrate that Irvin engaged in any harmful or offensive contact with Jane Doe.  Irvin insists that the Amended Complaint is "rife with inconsistencies, unsupported conclusions, unwarranted inferences, and half-plead legal theories."  However, that is not the pleading standard this court is obligated to follow.  Federal Rule of Civil Procedure 8(a)(2) simply requires "a short plain statement of the claim showing that the pleader is entitled to relief."  While Jane Doe is not required to "allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a

recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citations omitted).

"Under Florida law, to recover for civil battery, a plaintiff must show that the tortfeasor made some form of harmful or offensive contact and that he intended to cause the contact." *Loose v. Club Paris, LLC*, 684 F.Supp.2d 1328, 1335(M.D. Fla., 2010)(quoting *Martinez v. Pavex Corp.,* 422 F.Supp.2d 1284, 1298 (M.D.Fla.2006)). The Amended Complaint further states that Irvin assisted an "unknown assailant in which the sexual organ of the unknown male penetrated or had union with the mouth" of Jane Doe without her consent.  Jane Doe's allegations of unwelcome touching and sexual advances set forth in the Amended Complaint are sufficient to support a reasonable inference of the intentional harmful or offensive contact required to state a claim for battery against Irvin. Therefore, I find that the Amended Complaint survives the Motion to Dismiss.

### IV. CONCLUSION

Accordingly, Defendant Michael Irvin's Motion to Dismiss the Amended Complaint [ECF No. 17] is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida this 18th day of August 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*All counsel of record*